| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Anthony P. Cali (pro hac vice forthcoming)<br>Stinson LLP<br>anthony.cali@stinson.com<br>1850 N. Central Ave., Suite 2100<br>Phoenix, AZ 85004-4584<br><br>Marshall J. Hogan (CA Bar. 286147)<br>Snell & Wimer L.L.P.<br>mhogan@swlaw.com<br>600 Anton Blvd., Suite 1400<br>Costa Mesa, CA 92694 | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Twain GL XXV, LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br>SA Hospital Acquisition Group, LLC | CASE NO.: 9:23-bk-10690-RC<br>CHAPTER: 11 |
|---|---|
| Debtor(s). | **APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE [LBR 9075-1(b)]** |

1. Movant applies under LBR 9075-1(b) for an order setting a hearing on shortened notice on the following motion:

    a.  Title of motion: <u>Motion to Dismiss Chapter 11 Case</u>

    b.  Date of filing of motion: <u>8/15/23</u>

2. Compliance with LBR 9075-1(b)(2)(A): (***The following three sections must be completed***):

    a.  Briefly specify the relief requested in the motion:
    The Debtor is a defendant in a receivership action pending in the Circuit Court of the City of St. Louis, Missouri, Case No. 2322-CC00960. In that action, the Circuit Court of the City of St. Louis, Missouri appointed a receiver over the Debtor, its tenant, and their operations and assets. The Court further vested the receiver with exclusive authority to file a bankruptcy petititon on behalf of the Debtor, and enjoined the Debtor's owners and managers from any action inconsistent with that authority. Despite this, the Debtor's managers filed this bankruptcy action. The receiver did not consent to the filing of this bankruptcy case, and so it should be dismissed.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

b.  Identify the parties affected by the relief requested in the motion:
SA Hospital Acquisition Group, LLC (Debtor)

c.  State the reasons necessitating a hearing on shortened time:
See Attachment 2.C., which is incorporated herein by reference.

3.  Compliance with LBR 9075-1(b)(2)(B): The attached declaration(s) justifies setting a hearing on shortened notice, and establishes a *prima facie* basis for the granting of the motion.

4.  Movant has lodged a proposed Order Setting Hearing on Shortened Notice on mandatory form F 9075-1.1.ORDER .SHORT.NOTICE

Date: 8/15/23

Snell & Wilmer L.L.P.
Printed name of law firm

/s/ Marshall J. Hogan
Signature of individual Movant or attorney for Movant

Marshall J. Hogan
Printed name of individual Movant or attorney for Movant

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 2                    **F 9075-1.1.APP.SHORT.NOTICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
600 Anton Blvd., Suite 1400, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled: **APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE [LBR 9075-1(b)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* August 15, 2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
- Michael Jay Berger    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- Brian David Fittipaldi    brian.fittipaldi@usdoj.gov
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On *(date)* xxxx_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* August 15, 2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Ronald A. Clifford III
United States Bankruptcy Court
Central District of California
1415 State Street, Suite 233 / Courtroom 201
Santa Barbara, California 93101-2511

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/15/23 | Kelley Nestuk | /s/Kelley Nestuk |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 3                    **F 9075-1.1.APP.SHORT.NOTICE**

Anthony P. Cali (Pro Hac Vice Forthcoming)
anthony.cali@stinson.com
STINSON LLP
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004-4584
Telephone:    602.279.1600

Marshall J. Hogan, Bar No. 286147
mhogan@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California  92626-7689
Telephone:    714.427.7000
Facsimile:    714.427.7799

Attorneys for Twain GL XXV, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| In re:<br><br>SA HOSPITAL ACQUISITION GROUP, LLC<br><br>Debtor. | Case No. 9:23-bk-10690-RC<br><br>Chapter 11<br><br>**ATTACHMENT 2.C IN SUPPORT OF TWAIN GL XXV, LLC'S APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE** |
| --- | --- |

Twain GL XXV, LLC ("Twain"), a creditor and party-in-interest in the above-captioned bankruptcy case (the "Bankruptcy Case") provides this Attachment 2.C. in support of its Application for Order Setting Hearing on Shortened Notice pursuant to Local Bankruptcy Rule 9075-1(b). This Attachment sets forth the reasons necessitating a hearing on shortened time on Twain's *Motion to Dismiss Chapter 11 Case* [Dkt. No. 5] (the "Motion to Dismiss"). Due to the exigencies described in this Attachment, Twain respectfully requests that the hearing on the Motion to Dismiss be set for (1) Thursday, August 17, 2023, (2) Friday, August 18, 2023, or (3) the earliest date available for the Court. The reasons set forth in this Attachment are supported by

4865-2269-5800

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1  the concurrently filed *Declaration of Daniel Wiggins* (the "Wiggins Declaration") and the

2  following representations:

3      1.    Jeffrey Ahlholm and Lawrence E. Feigen, purportedly as a co-managing members

4  of SA Hospital Acquisition Group, LLC, (the "Debtor") filed a voluntary Chapter 11 petition on

5  behalf of the Debtor on August 11, 2023.

6      2.    On August 15, 2023, Twain filed the Motion to Dismiss.

7      3.    As further outlined in the Motion to Dismiss, the Debtor lacked appropriate

8  authority to file the Bankruptcy Case.

9      4.    Twain is the fee owner of approximately 7.148 acres of real property located in the

10  City of St. Louis, Missouri (the "Premises").

11      5.    On or about December 29, 2021, SA Hospital Real Estate Holdings, LLC ("Tenant")

12  and Twain entered into a Ground Lease (the "Ground Lease"), whereby Tenant leased the Premises

13  for the purpose of owning and operating the South City Hospital in St. Louis, Missouri (the

14  "Hospital"), in exchange for certain base and supplement rent payments, among numerous other

15  obligations.

16      6.    In conjunction with the execution of the Ground Lease, the Debtor (among other

17  guarantors) executed a "Completion and Rent Payment Guaranty" in favor of Twain, guaranteeing

18  all obligations owed by Tenant under the Ground Lease (the "Guaranty").

19      7.    Contemporaneous with the execution of the Ground Lease and the Guaranty, Tenant

20  and the Debtor entered into a Master Lease and Sublease Agreement permitting the Debtor to

21  operate the Hospital (the "Sublease").

22      8.    Tenant defaulted under the Ground Lease and MorrisAnderson was appointed as

23  general receiver of the Debtor and Tenant (together with the Debtor, the "Defendants") by the

24  Circuit Court of the City of St. Louis, Missouri, in Case No. 2322-CC00960 by virtue of an Order

25  For Appointment of Receiver entered on May 25, 2023 (the "Receivership Order"). Wiggins

26  Declaration, ¶ 2.

27      9.    On May 31, 2023, MorrisAnderson filed its bond and took its position as general

28  receiver over the Defendants. *Id.* ¶ 3.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4865-2269-5800

- 2 -

10.     As of the date of the Motion, South City Hospital has ceased operations, but MorrisAnderson continues to oversee and maintain the Premises. *Id.* ¶ 5.

11.     MorrisAnderson and Debtor have employees in place performing, among other things, the following tasks: (i) maintaining and organizing patient records; (ii); securing and maintaining the Premises; (iii) billing and collecting unpaid accounts receivable. *Id.* ¶ 6.

12.     The Debtor filed a Voluntary Bankruptcy Petition and commenced this case on August 11, 2023. *Id.* ¶ 7.

13.     Since the filing, MorrisAnderson has taken actions to preserves the property of the estate. *Id.* ¶ 8.

14.     To date, representatives of the Debtor have not appeared at the Hospital to take over the estate property. *Id.* ¶ 9.

15.     If the Debtor so requests, MorrisAnderson will turn over the property in order to comply with the automatic stay of Bankruptcy Code § 362 and the custodian's turnover obligations. *Id.* ¶ 10.

16.     The bankruptcy filing places the estate and the MorrisAnderson in an uncertain position. *Id.* ¶ 11.

17.     The Debtor has not filed any first-day motions for financing, use of cash collateral, to pay employees for their pre-petition and post-petition services, or to pay critical vendors and the receiver and its professionals—all of which are necessary to preserve the Premises or the assets of the estate. *Id.* ¶ 12.

18.     If this Bankruptcy Case is dismissed, MorrisAnderson will need to continue its services on behalf of the Missouri state court that appointed it. *Id.* ¶ 13.

19.     If the Bankruptcy Case is not dismissed, the debtor-in-possession needs to promptly take charge of the assets. *Id.* ¶ 14.

20.     The Receiver is concerned that employees performing the tasks outlined above will not stay without an adequate funding source and assurance of payment for services performed and to be performed. That is an assurance that MorrisAnderson cannot provide in this current situation. *Id.* ¶ 15.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    21.    The employees, collections, and assets of the estate will be disrupted if consideration

2    of the Motion to Dismiss is delayed. *Id.* ¶ 16.

3    Dated:  August 15, 2023                STINSON LLP
                                             Anthony P. Cali
4
                                             - and -
5
                                             SNELL & WILMER L.L.P.
6

7
                                             By:  /s/ Marshall J. Hogan
8                                                  Marshall J. Hogan

9
                                             Attorneys for Twain GL XXV, LLC
10

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**(Santa Barbara)**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Chapter 11** |
| **SA HOSPITAL ACQUISITION** | ) | |
| **GROUP, LLC,** | ) | **Case No. 9:23-bk-10690-RC** |
| | ) | |
| Debtor. | ) | |

**DECLARATION OF DANIEL WIGGINS**

I, Daniel Wiggins, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.    I am a Principal and financial advisory professional at MorrisAnderson & Associates, Ltd. ("MorrisAnderson") and authorized to give this Declaration on behalf of MorrisAnderson, and am making the statements in this Declaration based on personal knowledge.

2.    MorrisAnderson was appointed as general receiver of SA Hospital Acquisition Group, LLC (the "Debtor") and SA Hospital Real Estate Holdings, LLC (together with the Debtor, the "Defendants") by the Circuit Court of the City of St. Louis, Missouri, in Case No. 2322-CC00960 by virtue of an Order For Appointment of Receiver entered on May 25, 2023 (the "Receivership Order").

3.    A true and correct copy of the Receivership Order is attached to this Declaration as Exhibit 1.

4.    On May 31, 2023, MorrisAnderson filed its bond and took its position as general receiver over the Defendants.

5.    Section 5(e) of the Receivership Order provides in part that "The Receiver shall be vested with, and is authorized and empowered to exercise, all the powers of Defendants, their officers, directors, shareholders, and general partners or persons who exercise similar powers and

perform similar duties, including without limitation the sole authority and power to file a voluntary petition under Title 11 of the United States Code."

6.      I have been informed that a Voluntary Bankruptcy Petition was filed by the in the United States Bankruptcy Court for the Central District of California on August 11, 2023.

7.      As of August 11, 2023, and as of the date of this Declaration, MorrisAnderson remained and was the general receiver of the Defendants under the Receivership Order.

8.      MorrisAnderson did not authorize the Debtor's bankruptcy filing.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 14, 2023

Daniel Wiggins

# Exhibit 1

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

**FILED**
MAY 25 2023

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

TWAIN GL XXV, LLC,  )
 )
    Plaintiff,  )
 )
v.  )
 )   Case No. 2322-CC00960
 )
SA HOSPITAL REAL ESTATE  )
HOLDINGS, LLC,  )
 )
and  )
 )
SA HOSPITAL ACQUISITION  )
GROUP, LLC,  )
 )
    Defendants.  )

**E N T E R E D**

MAY 25 2023

**M J D**

<u>**ORDER FOR APPOINTMENT OF RECEIVER**</u>

On May 15, 2023 (the "Petition Date"), Plaintiff Twain GL XXV, LLC ("Landlord") filed

an Emergency Motion for Appointment of Receiver against defendant SA Hospital Real Estate

Holdings, LLC (the "Tenant") and SA Hospital Acquisition Group, LLC (the "Guarantor" and

together with the Tenant, collectively, the "Defendants"), with Supporting Suggestions (the

"Motion"), pursuant to Mo. Rev. Stat. § 515.510. After reviewing the Motion, Verified Petition,

supporting exhibits, provisions of the Missouri Commercial Receivership Act (the "Act"), and for

good cause shown, the Court finds that it has jurisdiction over the parties, the subject matter, and

the Receivership Property (as defined herein); the legal prerequisites for the appointment of a

receiver have been met; and that equity will be served by the appointment of a receiver. The Court

further finds that MorrisAnderson & Associates, Ltd. is qualified to serve as a receiver and has

signed the necessary Oath. The Receiver's bond is approved and determined to be Three Hundred

Thousand and 00/100 Dollars ($300,000.00) This Order is effective immediately upon entry.

**EXHIBIT 1**

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

Therefore, it is hereby ORDERED that MorrisAnderson & Associates, Ltd. be, and hereby is, appointed to be the general receiver ("Receiver") of Defendants, pursuant to Mo. Rev. Stat. § 515.510 and Mo. Sup. Ct. R. 68.02, to serve with bond. Said Receiver shall take such action as in the best interests of creditors and parties in interest with respect to the Receivership Property (defined below). In addition, and with respect to taking over the affairs of Defendants with respect to the Receivership Property:

**A. Definitions, Receivership Property, and Bond.**

1. <u>Definitions</u>. Capitalized terms used in this Order and not otherwise defined herein shall have the meanings given to them in the Motion. Additionally, for purposes of this Order:

   a. The term "<u>Claim</u>" means a right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, or a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

   b. The term "<u>Creditor</u>" means a person that has a claim against the Defendants that arose at the time of or before the Petition Date.

   c. The term "<u>Income</u>" means, collectively, all cash, cash on hand, checks, drafts, cash equivalents, credit card receipts, demand deposit accounts, bank accounts, cash management or other financial accounts, bank or other deposits, and all other cash collateral (all whether now existing or later arising) to the extent related to the Real Property or business operations of the Defendants; current and past-due earnings, revenues, rents, issues and profits, accounts, and accounts receivable (all whether unpaid, accrued, due, or to become due) related to the Real Property or business operations of the Defendants; all claims to rent, issues, profits, income, cash collateral, and all other gross income derived with respect to the Real Property or business operations of the Defendants regardless of whether earned before or after entry of this Order.

   d. The term "<u>Notice and a Hearing</u>" means such notice as is appropriate and an opportunity for hearing if one is requested. Absent request for hearing by an appropriate person or Party in Interest, the term notice and a hearing does not indicate a requirement for an actual hearing unless the Court so orders.

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

e.  The term "Party" means a person who is a party to this action, becomes a party to this action, or shall be joined or shall be allowed to intervene in the action pursuant to the rules of the Missouri Supreme Court including, without limitation, any person needed for just adjudication of the action.

f.  The term "Party in Interest" means the Defendants, any Party, the Receiver, any person with an ownership interest in or lien against Receivership Property or property sought to become Receivership Property, any person that, with respect to particular matters presented in the receivership, has an interest that will be affected, and any Creditor of the Defendants.

g.  The term "Real Property" means the real property identified on **Exhibit A** to this Order.

h.  The term "Receivership" means the estate created pursuant to the Act and this Order, including all Receivership Property and the interests, rights, powers, and duties of the Receiver and all Parties In Interest relating to Receivership Property.

i.  The term "Receivership Action" means the current action commenced by filing the Verified Petition.

j.  The term "Receivership Property" means and includes any right, title, and interest of Defendants, whether legal or equitable, tangible or intangible, in real and personal property, wherever located, regardless of the manner by which such rights were or are acquired including, without limitation:

  i.  All assets, facilities, and offices of the Defendants together with all records, correspondence, and books of account;

  ii.  The Real Property;

  iii.  All tangible and intangible property used or usable in connection with the operations of the Defendants including, without limitation, equipment, furniture, insurance premium refunds, insurance proceeds, condemnation awards, utility deposits and deposits of every other kind related thereto, causes of action, drawings, plans, specifications, escrow agreements, and all cash on hand, bank accounts, credit card receipts, bank deposits, security deposits and other cash collateral;

  iv.  All Income;

  v.  Any refund or reimbursement of taxes, whether for taxes paid by the Receiver or the Defendants, and whether pertaining to any tax period before or after the entry of this Order, and the right to institute or continue any contest, protest, or appeal of any ad valorem tax or assessment, real estate tax, personal property tax, or other tax or

3

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

assessment pertaining to the Receivership Property;

vi.  All fixtures, trade fixtures, and tenant improvements of every kind or nature located in or upon or attached to, or used or intended to be used in connection with the operation of the Defendants and any buildings, structures or improvements (to the full extent of the Defendants' interest in such);

vii.  All permits, licenses, other contracts, and other intangible property pertaining to the Defendants;

viii.  All intellectual property of the Defendants including, without limitation, all patents, trade names and trademarks owned or used by the Defendants and any trade secrets;

ix.  All books, records, accounts, and documents that in any way relate to the Defendants, the Real Property or Income;

x.  All other property, estate, right, title and interest as described in lease documents by and among the Defendants and Landlord; and

xi.  For the avoidance of doubt, and without limiting any of the foregoing, Receivership Property includes any right, title, and interest of the Defendants, whether legal or equitable, tangible, or intangible, in personal property located in the State of Missouri.

k.  Rules of Construction. In this Order:

i.  "Includes" and "including" are not limiting;

ii.  "may not" is prohibitive, and not permissive;

iii.  "or" is not exclusive; and

iv.  The singular includes the plural.

2.  Surety Bond. Promptly after entry of this Order, the Receiver shall execute a bond with one or more sureties approved by the Court in the amount of Three Hundred Thousand and 00/100 Dollars ($300,000.00) conditioned on the Receiver faithfully discharging his duties in accordance with this Court's orders and state law. This bond runs in favor of all persons having an interest in this Receivership Action or Receivership Property and in favor of State agencies.

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

3.    <u>Control of Receivership Property</u>. Effective as of the Petition Date, the Receiver is hereby authorized to immediately enter upon, receive, recover, and take complete, entire, and exclusive possession and control of the Receivership Property until further Order of the court.

4.    <u>Turnover of Receivership Property</u>. Upon demand by the Receiver, any person, including the Defendants, shall turn over Receivership Property that is within the possession or control of that person unless otherwise provided for in this Order or ordered by the Court for good cause shown. The Receiver by motion may seek to compel turnover of Receivership Property pursuant to this Order against any person over which the Court first establishes jurisdiction, unless there exists a *bona fide* dispute with respect to the existence or nature of the Receiver's possessory interest in the Receivership Property, in which case turnover shall be sought by means of a legal action. In the absence of a *bona fide* dispute with respect to the Receiver's right to possession of the Receivership Property, the failure to relinquish possession and control to the Receiver shall be punishable as contempt of the Court. Should the Court, after Notice and Hearing, order the turnover of property to the Receiver (the "Turnover Order"), the party against which such order is made shall have the right to deliver a bond executed by such party, as principal together with one or more sufficient sureties, providing that the principal and each such surety shall each be bound to the Receiver in double the amount of the value of the property to be turned over, should the property not be turned over to the Receiver when such order becomes final. Absent such bond, the property ordered to be turned over to the Receiver shall be turned over to the Receiver within ten (10) days after entry of the Turnover Order.

**B. General Powers and Duties**

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

5.    <u>Receiver's Powers</u>. The Receiver shall have the usual powers vested, conferred,

enjoyed, and exercised by receivers according to the practice of this Court, the Act, and other

statutes of this State including, without limitation, the following:

a. To operate the businesses of the Defendants and manage the Receivership Property;

b. To incur or pay expenses incidental to the Receiver's preservation and use of Receivership Property, and otherwise in the performance of the Receiver's duties, including the power to pay obligations incurred prior to the Receiver's appointment if and to the extent that payment is determined by the Receiver to be prudent in order to preserve the value of the Receivership Property and the funds used for this purpose are not subject to any lien or right of setoff in favor of a creditor who has not consented to the payment and whose interest is not otherwise adequately protected;

c. To pay rent, late payments and related fees and installments of principal and interest due on existing encumbrances on the Real Property, fixtures, machinery and equipment constituting part of the fixed assets of the Receivership Property;

d. To do all the things which the Defendants may do in the exercise of ordinary business judgment or in the ordinary course of the operation and use of the Receivership Property including, without limitation, the purchase and sale of goods or services in the ordinary course of such business and the incurring and payment of expenses of the business or property in the ordinary course;

e. The Receiver shall be vested with, and is authorized and empowered to exercise, all the powers of Defendants, their officers, directors, shareholders, and general partners or persons who exercise similar powers and perform similar duties, including without limitation the sole authority and power to file a voluntary petition under Title 11 of the United States Code;

f. To assert any rights, claims, or choses in action of the Defendants, if and to the extent that the rights, claims or choses in action are themselves property within the scope of the appointment or relate to any Receivership Property, to maintain in the Receiver's name or in the name of the Defendants any action to enforce any right, claim, or chose in action, and to intervene in actions in which the Defendants are a party for the purpose of exercising the powers under this subsection;

g. To borrow or incur unsecured debt in the ordinary course of business as an administrative expense of the Receiver without further order of the Court or to borrow and incur secured debt upon further order of this Court after Notice and a Hearing;

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

    h.   To intervene in any action in which a Claim is asserted against the Defendants and that impacts the Receivership Property, for the purpose of prosecuting or defending the claim and requesting the transfer of venue of the action to this Court. The Court, however, shall not transfer actions in which a State agency is a party and as to which a statute expressly vests jurisdiction or venue elsewhere;

    i.   To assert rights, claims or choses in action of the Receiver arising out of transactions in which the Receiver is a participant;

    j.   To seek and obtain advice or instruction from the Court with respect to any course of action with respect to which the Receiver is uncertain in the exercise of the Receiver's powers or the discharge of the Receiver's duties;

    k.   To obtain appraisals and environmental reports with respect to Receivership Property;

    l.   To compel by subpoena any person to submit to an examination under oath, in the manner of a deposition in accordance with Rule 57.03 of the Missouri Rules of Civil Procedure, with respect to Receivership Property or any other matter that may affect the administration of the Receiverships;

    m.   To use, sell, or lease Receivership Property other than in the ordinary course of business pursuant to provisions of this Order or subsequent orders of this Court and to execute in the Defendants' stead such documents, conveyances, and borrower consents as may be required in connection therewith;

    n.   To assume, reject, or assign executory contracts and unexpired leases upon further order of this Court after Notice and a Hearing;

    o.   To establish and adopt bidding and auction sale procedures for the sale of Receivership Property, as the Receiver deems advisable or necessary after Notice and a Hearing.

6.   <u>Limitation of Receiver's Powers</u>. The Receiver shall not, without the prior written agreement and consent of the Landlord or further order of this Court:

    a.   Enter any transactions that are not in the ordinary course of the Defendants' businesses or otherwise authorized in this Order; and

    b.   Pay any Claims that arose prior to the Petition Date other than as provided in Section 5 of this Order.

7.   <u>Receiver's Duties</u>. The Receiver shall have the following duties;

    a.   The duty to notify all Federal and State taxing and applicable regulatory agencies of the Receiver's appointment in accordance with any applicable laws imposing this duty, including but not limited to 26 U.S.C. § 6036;

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

    b.  The duty to comply with State law;

    c.  The duty to record as soon as practicable within the land records in any county in which such real property may be situated a notice of *lis pendens* as provided in section Mo. Rev. Stat. 527.260, together with a certified copy of this Order, together with a legal description of the Real Property;

    d.  The Receiver shall retain custody of all such records and documents pending the final determination of this proceeding, or until further order of the Court;

    e.  The Receiver shall immediately enter into discussions with Landlord concerning the use of cash collateral and/or funding for this Receivership Action and other actions taken in this case, pursuant to a budget as set forth herein; and

    f.  Other duties as may be required specifically by statute, court rule, this Order, the Act, or by the Court.

8.    <u>Tax Returns</u>. The Receiver shall not be responsible for the preparation and filing of any tax returns for Defendants or its affiliates including without limitation income, personal property, commercial activity, gross receipts, sales and use, or other tax returns. To the extent the Receiver undertakes the responsibility of preparing tax returns, Defendants shall provide to the Receiver any information needed to file any such tax returns for the Receivership Property.

## C. Defendants' Duties and Prohibitions

9.    <u>Defendants' Duties</u>.  The Defendants shall:

    a.  Within seven (7) days of the appointment of the Receiver, make available for inspection by the Receiver during normal business hours all information and data required to be filed with the Court pursuant to the Act and this Order, in the form and manner the same are maintained in the ordinary course of the Defendants' businesses;

    b.  Assist and cooperate fully with the Receiver in the administration of the Receivership and the discharge of the Receiver's duties and comply with all orders of this Court;

    c.  Supply to the Receiver information necessary to enable the Receiver to complete any schedules or reports that the Receiver may be required to file with the Court, including, but not limited to, Defendants' organizational documents and all licenses or certifications issued to Defendants by any local, state or

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

federal authority, and otherwise assist the Receiver in the completion of such schedules;

d.  Deliver into the Receiver's possession all Receivership Property in the Defendants' possession, custody, or control including, without limitation, all accounts, books, papers, records, and other documents, monies, property, books of account, keys, assets, records, documents, rent rolls, bank accounts, access codes, passwords, security deposits, petty cash fund, current aged account receivable/delinquency report, notices of any local, state and federal health, building, or any violations, a list of all litigation by or against the Defendants, list of utilities and utility accounts, equipment, furniture, vehicles and supplies, all existing service contracts, pending bids for contractor work, all insurance policies for the Receivership Property, surveys, site plans, specifications, floor plans, drawings, measurements and the like, all documents, books and records, computer files and computer equipment, software, management files and passwords needed to access all software and computer files including, but not limited to, email accounts maintained at the on-site management office(s) (and all off-site financial records) including all records relating to the income, operation, and management of the Receivership Property, all such other records pertaining to the management of the Receivership Property as may be reasonably required by the Receiver and other personal property in its possession, custody, or control pertaining to the Receivership Property; and

e.  Submit to examination by the Receiver, Landlord, or by any other person upon order the Court, under oath, concerning the acts, conduct, property, liabilities, and financial condition of the Defendants or any matter relating to the Receiver's administration of the Receivership.

The Defendants' officers, directors, managers, members, partners, or other individuals exercising or having the power to exercise control over the affairs of the Defendants are subject to the requirements of this section of the Order.

10.  <u>No Authority to Act</u>.  Defendants and their agents, servants, employees, representatives, attorneys, officers, directors, managers, members, partners, or other individuals exercising or having the power to exercise control over the affairs of the Defendants are hereby enjoined from exercising any and all the powers of Defendants, their officers, directors, shareholders, and general partners or persons who exercise similar powers and perform similar duties, including without limitation the authority and power to file a voluntary petition under Title 11 of the United States Code.  For the avoidance of doubt, no person or entity other than the

Receiver shall have the authority and power to file a voluntary petition for the Defendants under

Title 11 of the United States Code;

11. <u>Prohibitions</u>. Defendants and their agents, servants, employees, representatives,

attorneys, officers, directors, managers, members, partners, or other individuals exercising or

having the power to exercise control over the affairs of the Defendants are hereby enjoined from:

    a. Collecting or attempting to collect Income and are hereby further directed to
deliver to the Receiver all Income that has or may come into its possession; and

    b. Interfering in any manner whatsoever with the Receiver in the performance of
his responsibilities and duties under this Order.

**D. Budget and Reporting.**

12. <u>Budget</u>. Within thirty (30) days after entry of this Order, the Receiver shall prepare

and provide the Court and Landlord with a budget with respect to the payment of the various

administrative expenses of the Receivership (the "Budget"). The Budget shall cover the first sixty

(60) days of the Receivership. Budgets thereafter shall be prepared pursuant to further request of

either Landlord or order of the Court and are subject to approval of the Court. After approval of a

Budget, the Receiver shall adhere to the Budget subject to a 10% variance on any line item or on

the total amount of payments expressed in the Budget.

13. <u>Reports and Schedules</u>. Upon further order of the Court, the Receiver shall file

such additional schedules, reports of assets, liabilities, or inventories that are necessary and proper.

Whenever a list or schedule required pursuant to this Order is not prepared and filed by the

Defendants, the Receiver shall prepare and file such list or schedule within a time fixed by the

Court. The Court may approve reimbursement of the reasonable cost in complying with such order

as an administrative expense.

**E. Utilities.**

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

14.     A public utility, as defined in Mo. Rev. Stat. § 386.020, providing service to the Receivership Property, many not alter, refuse, or discontinue service to the Receivership Property without first giving the Receiver fifteen (15) days' notice, or such other notice as may be required by the rules of the public service commission for a customer of that class, of any default or intention to alter, refuse, or discontinue service to the Receivership Property.  Nothing in this Order prohibits the Court, upon motion by the Receiver, to prohibit the alteration or cessation of utility service if the Receiver can furnish adequate assurance of payment in the form of deposit or other security for service to be provided after entry of this Order.

### F.  Claims, Defenses, and Judicial Immunity.

15.     <u>Assertion of Claims.</u> The Receiver shall use reasonable efforts to collect the legally enforceable accounts receivable, rents, causes of action, and other obligations owing to the Defendants (the "Obligations"), shall bring, or intervene in, an action or actions, if necessary, to collect the Obligations, and shall use reasonable efforts to settle and compromise any of the Obligations whenever the Receiver shall deem it advisable to do so, on such terms and conditions as appear to the Receiver to be justifiable, all of which shall be subject to the prior written agreement and consent of Landlord, or as otherwise authorized by further order of this Court. All such actions shall be brought in this Court, unless otherwise so directed or required by law. The Receiver shall not be entitled to settle and/or compromise any causes of action or other claims the Defendants have or may have against Landlord or the Receiver without Court approval and notice to the Defendants.  All such actions shall be brought in this Court, unless otherwise so directed.

16.     <u>Judicial Immunity.</u> The Receiver, his agents, assistants, Professionals (as defined below), representatives, and each of their respective staffs shall enjoy judicial immunity for acts and omissions arising out of and performed in connection with the Receiver's official duties on

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

behalf of the Court and with the scope of the Receiver's appointment except for claims due to their gross negligence, gross or willful misconduct, malicious acts, or the failure to comply with this Court's orders. The Receiver, his agents, assistants, Professionals, representatives, and each of their respective staffs shall have no personal liability in connection with any liabilities, obligations, liens, or amounts owed to any of the Defendants' Creditors or to the Defendants because of their duties as Receiver or representative of the Receiver.

**G. Compensation and Employment of Management Personnel and Professionals.**

17.    <u>Receiver's Compensation</u>. The Receiver shall be compensated based on the hourly rates of its representatives working on the engagement. The currently hourly rates for Receiver are as follows:

| Title | Rate Range |
|---|---|
| Associate Directors | $310-350 |
| Directors | $365-435 |
| Senior/Managing Directors | $450-495 |
| Principals | $595-745 |

The fees charged by Receiver may be adjusted each calendar year. In addition to the hourly rate, the Receiver shall be entitled to the reimbursement of reasonable out-of-pocket expenses, subject to Landlord's prior written agreement and consent. The Receiver's compensation shall be subject to the Court's review and approval as set forth pursuant to Mo. Rev. Stat. § 515.605.  The Receiver shall file with the Court and serve on the parties' periodic requests for payment of such reasonable compensation

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

18.    <u>Management Personnel</u>.  By this Order, the Receiver is authorized and empowered, without further leave of the Court, to employ any assistants, agents, managers, or other persons and entities, including but not limited to employees, officers, directors, and owners of Defendants, deemed necessary and proper to assist the Receiver in diligently executing the duties imposed by this Order including, but not limited to, managing, insuring, maintaining, preserving, and protecting the Receivership Property that is in the possession or under the care and control of the Receiver (collectively, the "Management Personnel"), upon such terms and conditions as the Receiver deems just and beneficial to the performance of his duties; provided, however, that any management agreement and the compensation to be paid thereunder shall as also be subject to the prior agreement and consent of Landlord.  The Receiver shall pay the Management Personnel such compensation for their services as the Receiver deems to be proper.  Any such payments, however, which are not in the ordinary course of the Receiver's business, shall also be subject to Court approval.

19.    <u>Professionals</u>. The Receiver is authorized and empowered to employ accountants, attorneys, investment bankers, brokers, and similar professionals (collectively, the "Professionals") as the Receiver may from time to time deem appropriate and on such terms as the Receiver deems appropriate, subject to Landlord's prior written agreement and consent. The Receiver's and Professionals' compensation shall be subject to the Court's review and approval. The Professionals shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation.

20.    <u>Source of Compensation</u>.

a.    The Receiver, Management Personnel, and Professionals shall maintain detailed time records reflecting the compensation to be paid. The fees and

13

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

expenses for the Receiver, Management Personnel, and Professionals shall be paid first from the Income from the ordinary course operations of the Receivership Property or the proceeds of the Receivership Property.

b.  In the event that the Income from the ordinary course operations of the Receivership Property or the proceeds of the Receivership Property are insufficient to pay the reasonable fees and expenses of the Receiver and its Professionals, such fees and expenses shall be paid by Twain Financial Partners or one or more of its affiliates (collectively, "Twain"), up to a maximum of $430,000.00 (the "Funding Commitment"). The Funding Commitment shall terminate with respect to any fees and expenses of the Receiver and its Professionals incurred following the earlier of sixty (60) days following the entry of this Order or upon the Termination Effective Date, as hereafter defined.

c.  Twain shall have the right, at any time, to terminate the Funding Commitment by sending written notice to the Receiver and Receiver's counsel (a "Termination Notice"). Termination of the Funding Commitment shall become effective no earlier than twenty-one (21) days after the date of the Termination Notice or an earlier date upon agreement of the Receiver and Twain (the "Termination Effective Date").

d.  Upon receipt of a Termination Notice, Receiver shall have the right to resign as of the Termination Effective Date.

e.  Immediately upon entry of this Receivership Order, the Receiver shall seek, on an expedited basis, an Order authorizing the Receiver to obtain secured debt

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

from Twain on a super priority basis with liens attaching to the Receivership Property senior to any other existing liens on Receivership Property.

### H. Abandonment, Sale, Executory Contracts/Unexpired Leases and Surcharge

21.     <u>Abandonment of Receivership Property</u>.   The Receiver or any party to the Receivership Action, upon order to the Court following Notice and Hearing and upon the terms and conditions the Court considers just and proper, may abandon any Receivership Property that is burdensome to the Receiver. However, the Receiver may not abandon Receivership Property that is a hazard or potential hazard to the public in contravention of a State statute or rule that is reasonably designed to protect the public health or safety from identified hazards.  Property that is abandoned no longer constitutes Receivership Property.

22.     <u>Sale of Receivership Property</u>.  The Receiver may market and sell all or any portion of the Receivership Property upon further order of this Court after Notice and a Hearing. Subject to the aforementioned conditions, the Receiver shall have the authority with respect to the sale of Receivership Property to do and perform all and every act desirable, proper, or necessary with respect to the Receivership Property including, without limitation, the authority to execute and deliver deeds of conveyance and all other documents necessary or desirable to transfer the Receivership Property, all on behalf of and in the name of the Defendants.

23.     <u>Executory Contracts and Unexpired Leases</u>. The Receiver may assume, reject, or assign any executory contract or unexpired lease of the Defendants upon further order of this Court following Notice and a Hearing, which shall include notice to any party to the executory contract or unexpired lease to be assumed, rejected, or assigned. The Court may condition assumption, rejection, or assignment of any executory contract or unexpired lease on the terms and conditions the Court believes are just and proper under the particular circumstances of the action and to the

15

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

extent allowed by applicable law. The Receiver's performance of an executory contract or unexpired lease prior to this Court's authorization of its assumption or rejection shall not constitute an assumption of the executory contract or unexpired lease, or an agreement by the Receiver to assume it, nor otherwise preclude the Receiver thereafter from seeking this Court's authority to reject it. The Receiver may not assign an executory contract or unexpired lease without assuming it, absent the consent of the other parties to the contract or lease.

24.      <u>Surcharge</u>. Any secured creditor that is duly perfected under applicable law shall receive the proceeds from the disposition of Receivership Property that secures its Claim. However, the Receiver may recover from Receivership Property secured by a lien or the proceeds thereof the reasonable necessary expenses of preserving, protecting, or disposing of the Receivership Property to the extent of any benefit to a duly perfected secured creditor. Duly perfected secured Claims shall be paid from the proceeds in accordance with their respective priorities under otherwise applicable law.

**I.   Binding Nature of Orders and Notice**

25.      <u>Binding Nature</u>. Creditors and Parties in Interest who are given notice as provided in this Order and Creditors or persons otherwise appearing and participating in the Receivership shall be bound by the actions of the Receiver and the orders of this Court relating to the Receivership, whether or not the person is a Party.

26.      <u>General Notice of Receivership Action</u>. Within fourteen (14) days after entry of this Order, the Receiver shall give notice of the appointment to all Parties in Interest, including the Secretary of State for the State of Missouri, and State and Federal taxing authorities. Such notice shall be made by first class mail and proof of service thereof shall be filed by the Court. The content of such notice shall include: (a) the caption reflecting this action; (b) the date this action was filed;

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

(c) the date the Receiver was appointed; (d) the name, address, and contact information of the Receiver; (e) the general description of the Receivership Property; (f) Defendants' names and addresses, and, if known, the name and address of the Defendants' attorney; (g) the Court's address at which pleadings, motions, or other papers may be filed; and (h) a copy of this Order.

27.     Stay Pursuant to the Act. The automatic stay provided by the Act shall be in full force and effect from the Petition Date. In addition, good cause exists to extend the automatic stay in the Act an additional sixty (60) days, for a stay of a total of one hundred twenty (120) days from the Petition Date (the "Stay Period"). For good cause shown, the Stay Period may be extended pursuant to the Act. Notwithstanding the foregoing, the automatic stay by the Act shall not apply to any termination of the Ground Lease dated December 29, 2021 by and between Tenant and Landlord (the "Lease") and/or any action to evict Defendants by or at the direction of Landlord and, to the extent the automatic stay applies, the Court hereby grants Landlord relief from the automatic stay for the limited purpose of terminating the Lease and evicting Defendants.

28.     Defendants Cooperation. Defendants shall cooperate with all reasonable requests for information from the Receiver for purposes of assisting the Receiver in providing notice required by this Order. The failure of the Defendants to cooperate with any reasonable request for information may be punished as a contempt of court.

29.     Notice Procedures.

   a.   Creditors and Parties in Interest have a right to Notice and a Hearing as provided in this Order whether or not the person is a Party to the Receivership Action.

   b.   Any Party in Interest may appear in the Receivership in the manner prescribed by court rule and shall file with the Court a written notice ("Request for Notice") including the name and mailing address of the Party in Interest, and the name and address of the Party in Interest's attorney, if any, with the clerk, and by serving a copy of the notice upon the Receiver and the Receiver's attorney of record, if any. The Receiver shall maintain a master mailing list of all parties and of all Parties in Interest that file and serve a notice of appearance in

17

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

accordance with this subsection and such Parties in Interest's attorneys, if any. The Receiver shall make a copy of the current master mailing list available to any Party in Interest upon written request.

c. Separately, the Receiver shall maintain a service list (the "Service List") consisting solely of those parties that file a Request for Notice, Landlord, Debtor, and the twenty largest unsecured Creditors known to the Receiver. Unless otherwise provided herein, all motions, notices, and orders shall only be served on the Service List, plus any additional Parties directly affected by the pleading.

d. Any request for relief against a State agency shall be mailed to or otherwise served on the agency and on the office of the attorney general.

e. The Receiver shall give not less than seven (7) days' written notice of any examination, authorized herein or by the Act, by the Receiver of the Defendants to all persons required to be identified on the master mailing list.

f. Unless modified by the Court for good cause shown, all persons required to be identified on the Service List are entitled to not less than twenty-one (21) days' written notice of the hearing of any motion or other proceeding involving any proposed:

    i. Allowance or disallowance of any Claim or Claims;

    ii. Abandonment, disposition, or distribution of Receivership Property, other than an emergency disposition of property subject to eroding value or a disposition of Receivership Property in the ordinary course of business;

    iii. Compromise or settlement of a controversy that might materially affect the distribution to Creditors from the Receivership;

    iv. Motion for termination of the Receivership or removal or discharge of the Receiver.

    v. Any opposition to any motion to authorize any of the actions under subdivisions (i) to (iv) of this subjection shall be filed and served upon all persons required to be identified on the Service List within fourteen (14) days after the service of such motion.

g. Whenever notice is not specifically required to be given under this Order or otherwise by court rule or applicable law, the Court may consider motions and grant or deny relief without notice or hearing, unless a Party or Party in Interest would be prejudiced or harmed by the relief requested.

## J.   Term, Termination, and Final Accounting

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

30.    <u>Termination</u>. This Receivership shall continue until further Order of the Court.

31.    <u>Removal of the Receiver</u>. The Receiver can be removed either (a) automatically thirty (30) days after the filing of a written demand for removal signed by Landlord's counsel and filed with the Court; or (b) in the Court's equitable discretion upon a motion for cause. The Receiver may resign upon thirty (30) days' written notice or sooner upon a motion for cause, which cause shall include Landlord's issuance of a Termination Notice or Landlord's refusal to extend the Funding Commitment upon Receiver's request. If the Receiver is removed or resigns, a successor receiver can be appointed by further order of the Court and the prior written agreement and consent of Landlord. In the event that a successor Receiver is not appointed, the Court will enter an Order terminating the Receivership.

32.    <u>Turnover of Receivership Property Upon Termination</u>.    Immediately upon termination of the Receivership, the Receiver shall turn over to Landlord or its designees(including any property manager), all of the Receivership Property in which Landlord asserts a security interest or lien unless otherwise ordered by the Court, all such other Receivership Propertyshall be turned over as further directed by the Court.

33.    <u>Discharge of Receiver and Bond; Final Accounting</u>.    Neither the termination of the Receivership nor the Receiver's removal or resignation will discharge the Receiver or the Receiver's bond. The Receiver shall submit a final accounting (with copies to counsel for Landlord and upon the Defendants or their attorney of record) for approval by the Court within thirty (30) days after the termination of the Receivership or the Receiver's removal or the Receiver's resignation. Only after the Court approves the Receiver's final accounting may the Receiver be discharged and the Receiver's bond be cancelled.

**K. Modification of this Order.**

19

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

34.    <u>Modification of Order</u>.  The Court shall modify this Order as it deems appropriate,

including as to the proper amount of the Bond required of the Receiver.  The Receiver, during the

pendency of this action, shall have the right to apply to this Court for further instructions or

directions. Further, this Order is without prejudice to (a) Landlord, the Receiver, Defendants, or

any other Party in Interest, during the pendency of this action, seeking modification of this Order

including, without limitation, the shortening or expanding any of the time frames specified herein

or the expansion, modification, or limitation of the Receiver's powers, authorities and duties as set

forth in this Order or by applicable law; or (b) any party opposing such modification.  To the extent

that a party seeks to modify this Order, such party must provide reasonable notice to Landlord,

Defendants, and the Receiver.  The party seeking modification shall have the burden of proof with

respect to the same.

35.    <u>Missouri Commercial Receivership Act</u>. For purposes of the Act, this Receivership

is considered a general receivership but may be modified to a limited receivership upon proper

motion to the Court for cause shown and with the prior written agreement and consent of Landlord

or the Receiver. To the extent the Receiver withholds such consent, it will be grounds for the

immediate removal of the Receiver and appointment of a successor receiver willing to serve as a

general receiver.

SO ORDERED:

JASON SENGHEISER, Judge

Date: May 25, 2023

**EXHIBIT A**

**INSERT LEGAL DESCRIPTION OF PROPERTY**

A TRACT OF LAND BEING ALL OF BLOCK 2564, PART OF BLOCK 2565, ALL THAT PART OF VACATED BAY STREET AS PER ORDINANCES 58150, 57069 AND 22523, ALL OF AV ACATED ALLEY AS PER ORDINANCE 56841 AND THAT PART OF AV ACATED ALLEY AS PER ORDINANCE 56841, ALL IN THE CITY OF ST. LOUIS, MISSOURI AND BEING DESCRIBED AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTH LINE OF OSAGE STREET, 60.00 FEET WIDE, WITH THE EAST LINE OF OHIO STREET, 60.00 FEET WIDE; THENCE ALONG SAID EAST LINE IN A NORTHWARDLY DIRECTION 394.43 FEET; THENCE EASTWARDLY ALONG A LINE WHICH FORMS AN INTERIOR ANGLE TO THE LEFT FROM SAID POINT OF INTERSECTION OF 90 DEGREES 07 MINUTES 41 SECONDS A DISTANCE OF 116.00 FEET; THENCE NORTHWARDLY ALONG A LINE WHICH FORMS AN INTERIOR ANGLE TO THE LEFT FROM THE LAST SAID POINT OF 269 DEGREES 52 MINUTES 19 SECONDS A DISTANCE OF 208.00 FEET TO A POINT ON THE SOUTH LINE OF KEOKUK STREET, 60.00 FEET WIDE; THENCE EASTWARDLY ALONG SAID SOUTH LINE WHICH FORMS AN INTERIOR ANGLE TO THE LEFT FROM THE LAST SAID POINT OF 90 DEGREES 07 MINUTES 41 SECONDS A DISTANCE OF 258.95 FEET TO THE INTERSECTION OF SAID SOUTH LINE OF KEOKUK STREET WITH THE WEST LINE OF BAY STREET, 50.00 FEET WIDE; THENCE SOUTHWARDLY ALONG SAID WEST LINE WHICH FORMS AN INTERIOR ANGLE TO THE LEFT FROM THE LAST SAID POINT OF 89 DEGREES 27 MINUTES 38 SECONDS A DISTANCE OF 121.25 FEET; THENCE EASTWARDLY ALONG A LINE WHICH FORMS AN INTERIOR ANGLE TO THE LEFT FROM THE LAST SAID POINT OF 270 DEGREES 32 MINUTES 22 SECONDS A DISTANCE OF 50.00 FEET TO A POINT IN THE EAST LINE OF SAID BAY STREET; THENCE NORTHWARDLY ALONG SAID EAST LINE WHICH FORMS AN INTERIOR ANGLE TO THE LEFT FROM THE LAST SAID POINT OF 269 DEGREES 27 MINUTES 38 SECONDS A DISTANCE OF 121.25 FEET SAID SOUTH LINE OF KEOKUK STREET; THENCE EASTWARDLY ALONG SAID SOUTH LINE WHICH FORMS AN INTERIOR ANGLE TO THE LEFT FROM THE LAST SAID POINT OF 90 DEGREES 32 MINUTES 22 SECONDS A DISTANCE OF 144.98 FEET TO THE INTERSECTION OF SAID SOUTH LINE OF KEOKUK STREET WITH THE WEST LINE OF BROADWAY STREET, 120.00 FEET WIDE; THENCE SOUTHWARDLY ALONG SAID WEST LINE WHICH FORMS AN INTERIOR ANGLE TO THE LEFT FROM THE LAST SAID POINT OF 89 DEGREES 27 MINUTES 38 SECONDS A DISTANCE OF 600.69 FEET TO THE INTERSECTION OF SAID WEST LINE WITH SAID NORTH LINE OF OSAGE STREET; THENCE WESTWARDL Y ALONG SAID NORTH LINE WHICH FORMS AN INTERIOR ANGLE TO THE LEFT FROM THE LAST SAID POINT OF 90 DEGREES 43 MINUTES 08 SECONDS A DISTANCE OF
565.63 FEET TO A POINT ON SAID EAST LINE OF OHIO STREET, SAID POINT BEING THE POINT OF BEGINNING AND FORMING A CLOSING ANGLE THE LEFT 89 DEGREES 41 MINUTES 33 SECONDS.

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

Electronically Filed - City of St. Louis - June 09, 2023 - 12:26 PM

**STATE OF MISSOURI**          )
                               )ss
**CITY OF ST. LOUIS**          )


    I, **THOMAS KLOEPPINGER, Clerk of the Circuit Court within
and for the City of St. Louis, State of Missouri, do hereby certify that
the foregoing are true copies of original documents on files and
recorded in my office for the following case
ORDER FOR APPOINTMENT OF RECEIVER**

_____

**St. Louis City case number 2322-CC00960**

    **WITNESS my hand and SEAL of said Court this 30TH day of
MAY, 2023.**

                              *Thomas Kloeppinger*
                              **Thomas Kloeppinger
Circuit Clerk**

                        **By:** *Michelle Earth*
                        **Deputy Clerk**



*COURT SEAL OF*

*CITY OF ST LOUIS*

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Anthony P. Cali (pro hac vice forthcoming)<br>Stinson LLP<br>anthony.cali@stinson.com<br>1850 N. Central Ave., Suite 2100<br>Phoenix, AZ 85004-4584<br><br>Marshall J. Hogan (CA Bar 286147)<br>Snell & Wilmer L.L.P.<br>mhogan@swlaw.com<br>600 Anton Blvd., Suite 1400<br>Costa Mesa, CA 92694<br>714.427.7000 (p)<br>714.427.7799 (f)<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for*: Twain GL XXV, LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br>SA Hospital Acquisition Group, LLC | CASE NO.: 9:23-bk-10690-RC<br>CHAPTER: 11 |
|---|---|
| | **ORDER:**<br>☒ **GRANTING APPLICATION AND SETTING HEARING ON SHORTENED NOTICE**<br>☐ **DENYING APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE**<br>**[LBR 9075-1(b)]** |
| Debtor(s). | |

| **Movant** (*name*):<br>Twain GL XXV, LLC |
|---|

1. Movant filed the following motion together with supporting declarations and (if any) supporting documents:

   a. *Title of motion*: Motion to Dismiss Chapter 11 Case

   b. *Date of filing of motion:* 8/15/23

2. Pursuant to LBR 9075-1(b), movant also filed an Application for Order Setting Hearing on Shortened Notice (Application) together with supporting declaration(s):

   *Date of filing of Application:* 8/15/23

3. Based upon the court's review of the Application, it is ordered that:

   a. ☐  The Application is denied. The motion may be brought on regular notice pursuant to LBRs.

   b. ☒  The Application is granted, and it is further ordered:

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(1) ☒  A hearing on the motion will take place as follows:

| | |
|---|---|
| **Hearing date:** 8/17/23 | **Place:** |
| **Time:** | ☐ 255 East Temple Street, Los Angeles, CA 90012 |
| **Courtroom:** 201 | ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
| | ☐ 3420 Twelfth Street, Riverside, CA 92501 |
| | ☐ 411 West Fourth Street, Santa Ana, CA 92701 |
| | ☒ 1415 State Street, Santa Barbara, CA 93101 |

(2) ☒  No later than the deadlines given, **telephonic notice** of the hearing must be provided to all persons/entities listed:

| | |
|---|---|
| (A) _Deadlines:_ | (B) _Persons/entities to be provided with telephonic notice:_ |
| Date: 8/17/23 | Counsel for debtor SA Hospital Acquisition Group LLC |
| Time: | |
| | ☐ See attached page |
| | (C) _Telephonic notice is also required upon_ the United States trustee |

(3) ☒  No later than the deadlines given, **written notice of the hearing** and a **copy of this order** must be served upon all persons/entities listed using:   ☒ one of the methods checked   ☐ all of the methods checked

(A)  ☐ Personal Delivery   ☐ Overnight Mail   ☐ First class mail   ☐ Facsimile*   ☒ Email*

| | |
|---|---|
| (B) _Deadlines:_ | (C) _Persons/entities to be served with written notice and a copy of this order:_ |
| Date: 8/17/23 | Counsel for debtor SA Hospital Acquisition Group LLC |
| Time: | |
| | ☐ See attached page |
| | (D) _Service is also required upon:_ |
| | -- United States trustee _(electronic service is not permitted)_ |
| | -- Judge's copy personally delivered to chambers _(see Court Manual for address)_ |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_December 2013_                         Page 2                         **F 9075-1.1.ORDER.SHORT.NOTICE**

(4) ☒  No later than the deadlines given, a copy of the motion, declarations, and supporting documents (if any), must be served on all persons/entities listed using:   ☒ one of the methods checked   ☐ all of the methods checked

(A) ☐  Personal Delivery   ☐ Overnight Mail   ☐ First Class Mail   ☐ Facsimile*   ☒ Email*

| (B) _Deadlines:_<br><br>Date: 8/17/23<br><br>Time: | (C) _Persons/entities to be served with motion, declarations, supporting documents:_<br>Counsel for debtor SA Hospital Acquisition Group LLC<br><br><br><br>☐  See attached page<br><br>(D) _Service is also required upon_:<br>-- United States trustee _(no electronic service permitted)_<br>-- Judge's copy personally delivered to chambers<br>  _(see Court Manual for address)_ |
| --- | --- |

(5) ☒  Regarding **opposition to the motion**

☒  opposition to the motion may be made **orally** at the hearing

☐  no later than the deadlines given, **written opposition to the motion** must be filed with the court and served upon all persons/entities listed using:   ☐ one of the methods checked   ☐ all of the methods checked

(A) ☐  Personal Delivery   ☐ Overnight Mail   ☐ First Class Mail   ☐ Facsimile*   ☐ Email*

| (B) _Deadlines:_<br>Date:<br><br>Time: | (C) _Persons/entities to be served with written opposition to the motion:_<br>-- movant's attorney (or movant, if movant is not represented by an attorney)<br><br><br><br>(D) _Service is also required upon_:<br>-- United States trustee _(electronic service is not permitted)_<br>-- Judge's copy personally delivered to chambers<br>  _(see Court Manual for address)_ |
| --- | --- |

(6) ☒  Regarding a **reply to an opposition:**

☒  a reply to opposition may be made **orally** at the hearing.

☐  no later than the deadlines given, a **written reply to an opposition** must be filed with the court and served on all persons/entities listed using:   ☐ one of the methods checked   ☐ all of the methods checked

(A) ☐  Personal Delivery   ☐ Overnight Mail   ☐ First Class Mail   ☐ Facsimile*   ☐ Email*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| (B) *Deadlines:* | (C) *Persons/entities to be served with written reply to opposition:* |
|---|---|
| Date: | -- All persons/entities who filed a written opposition |
| Time: | |
| | (D) *Service is also required upon:* |
| | -- United States trustee *(electronic service is not permitted)* |
| | -- Judge's Copy personally delivered to chambers *(see Court Manual for address)* |

(7) ☐  Other requirements:

(8) ☒  No later than the deadlines given, movant must file a **Declaration of Notice and Service** establishing that telephonic notice, written notice, and service of the motion and this order was completed as set forth above, and a **judge's copy** of the Declaration of Notice and Service must be personally delivered to the judge's chambers:

| |
|---|
| ☐ at least 2 days before the hearing. |
| ☐ no later than:        Date:              Time: |

  **\*** Service by electronic means (facsimile or email) requires compliance with F.R.Civ.P. 5(b)(2)(E).

Date: _____          _____
                                                                United States Bankruptcy Judge

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.