1  Anthony P. Cali (*Pro Hac Vice*)
   anthony.cali@stinson.com
2  STINSON LLP
   1850 N. Central Avenue, Suite 2100
3  Phoenix, AZ 85004-4584
   Telephone:    602.279.1600
4
   Marshall J. Hogan, Bar No. 286147
5  mhogan@swlaw.com
   SNELL & WILMER L.L.P.
6  600 Anton Blvd, Suite 1400
   Costa Mesa, California  92626-7689
7  Telephone:    714.427.7000
   Facsimile:    714.427.7799
8
   Attorneys for Twain GL XXV, LLC

**FILED & ENTERED**

**AUG 21 2023**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bertelsen DEPUTY CLERK**

**CHANGES MADE BY COURT**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

In re:

SA HOSPITAL ACQUISITION GROUP, LLC

Debtor.

Case No. 9:23-bk-10690-RC

Chapter 11

**ORDER GRANTING TWAIN GL XXV, LLC'S MOTION TO DISMISS CHAPTER 11 CASE AND DISMISSING CHAPTER 11 CASE [DKT. NO. 5]**

Date:    August 18, 2023
Time:    11:00 a.m.
Place:   411 West Fourth Street
         Santa Ana, CA 92701
         Courtroom 5D

Upon *Twain GL XXV, LLC's Motion to Dismiss Chapter 11 Case* [Dkt. No. 5] ("Motion"), filed by Twain GL XXV, LLC, a creditor and party-in-interest, for entry of an order dismissing the above-captioned case ("Case"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found notice of the Motion was proper under the circumstances; and the Court having

found and determined that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, for the reasons set forth on the record and in the Tentative Ruling, a copy of which is attached hereto as Exhibit "1," and which Tentative Ruling is adopted as the Court's final ruling, it is

HEREBY ORDERED THAT:

1. The Motion is granted.
2. The Court dismisses this Case as being filed without proper authority.

###

Date: August 21, 2023

Ronald A. Clifford III
United States Bankruptcy Judge

# Exhibit 1

# United States Bankruptcy Court
# Central District of California
## Northern Division
## Ronald A Clifford III, Presiding
## Courtroom 201 Calendar

**Friday, August 18, 2023**                                                                                   **Hearing Room    201**

**11:00 AM**

**: -**                                                                                                                          **Chapter**

#0.00    **PLEASE TAKE NOTE:** For the months of August 2023, Courtroom 201 in Santa Barbara (Northern Division) will be closed for maintenance. Appearances for matters may be made in-person in Courtroom 5D in the Santa Ana Division (at Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, California 92701).

Appearances for matters may also be made by video through ZoomGov, or by telephone through ZoomGov. If appearing through ZoomGov, parties in interest and members of the public may connect to the video and audio feeds, free of charge, using the connection information provided below. All persons that choose to appear in person must comply with all applicable Centers for Disease Control and Prevention (CDC) guidelines regarding the wearing of face coverings and physical distancing inside and outside of the courtroom. Parties should not enter the courthouse when feeling unwell, if they have tested positive for COVID-19, or if they fall within the quarantine recommendations after having come into close contract with someone who has COVID 19.

Individuals may participate by ZoomGov video and audio using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device (such as an iPhone or Android phone). Individuals may opt to participate by audio only using a telephone (standard telephone charges may apply).

Neither a Zoom nor a ZoomGov account is necessary to participate and no pre-registration is required. The audio portion of each hearing will be recorded electronically by the Court and constitutes its official record.

Video/audio web address**:**       https://cacb.zoomgov.com/ j/1611776377

ZoomGov meeting number**:**    161 177 6377

Password**:**                                     215443

Telephone conference lines**:**  1 (669) 254 5252 or 1 (646) 828 7666

Docket         0

**Tentative Ruling:**

- NONE LISTED -

# United States Bankruptcy Court
# Central District of California
Santa Ana
Ronald A Clifford III, Presiding
Courtroom 5D Calendar

**Friday, August 18, 2023**                                                                 Hearing Room        5D

11:00 AM
**9:23-10690**    **SA Hospital Acquisition Group, LLC**                                                                 Chapter 11

    #1.00    Hearing
RE: [5] Motion to Dismiss Debtor [TWAIN GL XXV, LLC's Motion to Dismiss Chapter 11 Case; Memorandum of Points and Authorities]  (Hogan, Marshall)

                         Docket    5

**Tentative Ruling:**

    <u>August 18, 2023</u>

    *Background*

    Twain GL XXV, LLC ("Twain") owns real property in St. Louis, Missouri that SA Hospital Acquisition Group, LLC (the "Debtor") and SA Hospital Real Estate Holdings, LLC ("Tenant," and together with the Debtor, the "Defendants") operated from (the "Property").  *See* Docket No. 5, p. 3, lines 13-15, *Twain GL XXV, LLC's Motion to Dismiss Chapter 11 Case* (the "Motion").  Twain leased the Property to the Tenant, who in-turn subleased the Property to the Debtor.  After a series of purported breaches of the lease and sublease, on May 16, 2023, Twain filed an action against the Defendants in the Missouri Circuit Court, Twenty-Second Judicial Circuit (City of Saint Luis) (the "State Court").  *See id.* at p. 7, lines 13-14.

    On May 25, 2023, the State Court entered its *Order for Appointment of Receiver* (the "Order").  *See* Docket No. 5-1, *Declaration of Daniel Wiggins*, Exhibit 1.  The Order appointed MorrisAnderson & Associates, Ltd. (the "Receiver") as the "general receiver" over the affairs of the Defendants.  *See id.*, at pp. 1-2.  As a part of the Receiver's powers, the Order provides that "[t]he Receiver shall be vested with, and is authorized and empowered to exercise, all the powers of Defendants, their officers, directors, shareholders, and general partners or persons who exercise similar powers and perform similar duties, including without limitation the sole authority and power to file a voluntary petition under Title 11 of the United States Code." *Id.* at p. 6.  The Order further provides that:

        Defendants and their agents, servants, employees, representatives, attorneys, officers, directors, managers, partners, or other individuals exercising or having the power to exercise control over the affairs of

# United States Bankruptcy Court
# Central District of California
### Santa Ana
### Ronald A Clifford III, Presiding
### Courtroom 5D Calendar

**Friday, August 18, 2023**                                                                                          **Hearing Room    5D**

11:00 AM
**CONT...    SA Hospital Acquisition Group, LLC**                                                                        **Chapter 11**

> the Defendants are hereby enjoined from exercising any and all the powers of Defendants, their officers, directors, shareholders, and general partners or persons who exercise similar powers and perform similar duties, including without limitation the authority and power to file a voluntary petition under Title 11 of the United States Code. For the avoidance of doubt, no person or entity other than the Receiver shall have the authority and power to file a voluntary petition for the Defendants under Title 11 of the United States Code.

*Id.* at p. 9.

After the State Court issued the Order, "[o]n May 31, 2023, [the Receiver] filed its bond and took its position as general receiver over [the Defendants]." *Id.* at lines 22-23.

On August 11, 2023, Jeffrey Ahlholm and Lawrence E. Feigen, as Co-Managing Members of the Debtor, filed on the Debtor's behalf a voluntary petition for relief under Chapter 11 of Title 11 of the U.S. Code with this Court (the "Petition"). *See* Docket No. 1; *see also* Docket No. 2, *Resolution of SA Hospital Acquisition Group, LLC Authorizing the Filing of a Chapter 11 Bankruptcy Petition*. According to the Petition, the Debtor's principal place of business is 4308 Via Entrada, Newbury Park, CA 91320, which is also listed as the address for Jeffrey Ahlholm. *See* Docket No. 1, p. 1; *see also* Docket No. 1, *List of Equity Security Holders*. Nothing more has been filed in this Case by the Debtor outside of the Petition and that *Resolution of SA Hospital Acquisition Group, LLC Authorizing the Filing of a Chapter 11 Bankruptcy Petition*.

On August 15, 2023, Twain filed the Motion. *See* Docket No. 5. At bottom, the Motion argues that this Case should be dismissed because it was filed without the requisite authority. *See id.* at pp. 9-12. That is, the Order specifically prohibits any person(s) other than the Receiver from filing a bankruptcy petition on behalf of either of the Defendants.

On August 17, 2023, there was filed, purportedly on behalf of the Debtor, *Debtor's Opposition to Twain GL XXV, LLC's Motion to Dismiss Chapter 11 Case* (the "Opposition"). *See* Docket No. 16. Regarding the authority of Jeffrey Ahlholm and Lawrence E. Feigen to file this Case on behalf of the Debtor, the Opposition rests on

United States Bankruptcy Court
Central District of California
Santa Ana
Ronald A Clifford III, Presiding
Courtroom 5D Calendar

**Friday, August 18, 2023**                                                                                                    **Hearing Room    5D**

<u>11:00 AM</u>
**CONT...    SA Hospital Acquisition Group, LLC                                                                              Chapter 11**

*In re Corporate & Leisure Event Productions, Inc.*, 351 B.R. 724 (Bankr. D. Az. 2006). *See id.* at p. 2, lines 24-27 ("Based on the holding in *In re Corporate & Leisure Event Productions, Inc.*, the Debtor's corporate management had authority to file Debtor's Chapter 11 case."). The Opposition provides that when a receivership order entered by a state court "preclude[s] any of [an organization's] original constituents of the organizational entity from filing a petition on its behalf," "state law withdraws their authority to file for bankruptcy relief and yet [] the unanimous federal common law holds that they are nevertheless entitled to do so." *See id.* at p. 11, lines 20-28. The Opposition takes the position that where a receivership was initiated by creditors of the debtor, rather than being based in an intra-corporate dispute, "the receivership orders and injunctions preventing the Debtor for [sic] filing Bankruptcy are unconstitutional and that the Debtor ha [sic] a constitutional right to file the instant Bankruptcy petition here." *Id.* at p. 13, lines 8-14.

*Analysis*

Where a "voluntary petition for bankruptcy is filed [on] behalf of a corporation, the bankruptcy court does not acquire jurisdiction unless those purporting to act for the corporation have authority under local law 'to institute the proceedings.'" *Hager v. Gibson*, 108 F.3d 35, 39 (4th Cir. 1997)(citing *Price v. Gurney*, 324 U.S. 100 (1945)). "[W]here authority under local law is found lacking, the court 'has no alternative but to dismiss the petition.'" *Id.* "State law determines who has the authority to file a voluntary bankruptcy petition on behalf of a debtor." *In re Sino Clean Energy, Inc.*, 901 F.3d 1139, 1141 (9th Cir. 2018)(citing *Price*, 324 U.S. at 106-107). "'State law includes the decisions of state courts.'" *Tenneco West, Inc. v. Marathon Oil Co.*, 756 F.2d 769, 771 (9th Cir. 1985).

Where a state law rehabilitator order vests all the powers of directors, officers, and managers of an organization in a rehabilitator, the debtor's officers, directors and managers are without power to file a bankruptcy petition on behalf of the debtor, and any attempt to do so is "null and void." *See Oil & Gas Co. v. Duryee*, 9 F.3d 771-772-773 (9th Cir. 1993). The Ninth Circuit has held that "[t]o the extent that *Corporate & Leisure* contradicts our decision in *Duryee*, it is wrong." *See In re Sino Clean Energy, Inc.*, 901 F.3d 1139, 1142 (9th Cir. 2018). "We understand *Corporate & Leisure* as announcing a more limited holding that, where a state court purports to enjoin a corporation from filing bankruptcy altogether, federal law preempts that injunction." *Id.* at 1142.

# United States Bankruptcy Court
# Central District of California
Santa Ana
Ronald A Clifford III, Presiding
Courtroom 5D Calendar

**Friday, August 18, 2023**                                                                                           Hearing Room    5D

## 11:00 AM
**CONT...    SA Hospital Acquisition Group, LLC**                                                                                           Chapter 11

Here, the Order specifically vests in the Receiver the exclusive authority to file a bankruptcy petition on the Debtor's behalf. The Court finds no authority under either Missouri, California or Ninth Circuit law that prohibits such an order. *See Black River Motel, LLC v. Patriots Bank*, 669 S.W.3d 116, 128-129 (Mo. 2023); *see also In re El Torero Licores*, 2013 WL 6834609 (C.D. Cal. 2013); *In re Sino Clean Energy, Inc.*, 901 F.3d at 1141-1142. The Order does not forbid the filing of a bankruptcy petition altogether, but rather limits the party with authority to file such a petition on the Debtor's behalf. Under the terms of the Order, the Receiver may file, and better stated, is not prohibited from filing a bankruptcy petition on behalf of the Debtor. Likewise, there is no prohibition on an involuntary petition being filed against the Debtor by parties-in-interest. The Order merely provides that the Debtor's officers and management may not file a voluntary petition on the Debtor's behalf, and this falls in-line with current Ninth Circuit precedent.

The Court dismisses this Case as being filed without proper authority.

|                        Party Information                         |
|---|

**Debtor(s):**

    SA Hospital Acquisition Group,                    Represented By
                                                                     Michael Jay Berger

**Movant(s):**

    Twain GL XXV, LLC                    Represented By
                                                                     Marshall J Hogan